■  In the Matter of DONALD E. DE GROAT, Petitioner, v. ELLIS J. STALEY, JR., as Justice of the Supreme Court.— Application for recovery of a penalty pursuant to CPLR 7003 (subd. [c]) dismissed, without costs, for failure of jurisdiction and upon the further ground petition is insufficient on its face. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.

■  In the Matter of the Claim of EVELYN BERSON, Respondent, v. JULE-WYN DRESSES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Decision of this court dated April 29, 1964 (20 A D 2d 935) amended, and as amended, to be as follows: Appeal by the employer and its carrier from a decision and award of disability benefits on the ground that the board's computation of the benefits due claimant is contrary to the provisions of subdivision 12 of section 201 of the Workmen's Compensation Law and regulation 109 of the Disability Benefits Law (12 NYCRR 363.9). Claimant was employed by the employer herein on October 14, 1960. She worked only that one day, however, and then became disabled. During the eight-week period immediately prior to her disablement, claimant had worked but one other day and thus her total earnings for such period were only $14.10. The carrier utilizing this figure paid claimant $7.05 a week for 26 weeks. The Referee agreed with the carrier's position, but the board, utilizing claimant's earnings not only in the two employments in which claimant worked during the eight calendar weeks prior to disablement but also in a third employment in which claimant had worked more than 20 weeks prior to disablement, found that claimant averaged $61.14 per week and fixed a benefit rate of $30.57. Appellants urge that the board had no authority to use earnings other than those earned during the eight calendar weeks immediately prior to disablement. We agree, except that the period used should be the eight calendar weeks immediately preceding and including the last day worked prior to commencement of such disability. Both subdivision 12 of section 201 and regulation 109 expressly limit consideration to such a period. (Cf. *Matter of D'Andrea* v. *Berger Dress Co.*, 9 A D 2d 573, affd. 8 N Y 2d 1046.) While we agree with respondents that legislation in this area should be liberally and humanely construed, there is no latitude in the language here utilized in the statute or in the regulation which would, as respondents urge, allow the board to compute claimant's average weekly wage on the basis of earnings received during the last eight weeks of actual employment preceding the date of disablement. Decision reversed and matter remitted to the Workmen's Compensation Board for further determination not inconsistent herewith, with costs against the Workmen's Compensation Board. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

■  In the Matter of the Claim of RUTH WOOD, Appellant, v. COLONIAL TAVERN AND RESTAURANT, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for permission to omit an exhibit from the record on appeal denied, without prejudice and without costs. (See CPLR 5527; Rules and Procedure of the Workmen's Compensation Board, rule 17.) Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.